IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

BRYAN JACOBSEN,

    *Defendant.*

Case No. 22-10074-03EFM

**MEMORANDUM AND ORDER**

The Government has charged Defendant Bryan Jacobsen with one count of making a counterfeit obligation in violation of 18 U.S.C. § 471. The matter is before the Court on Defendant's Motion to Suppress Statements (Doc. 48), Motion for a *Bruton* Hearing (Doc. 49), and Motion to Join in Co-Defendant Motions. (Doc. 50).

Defendant's Motion to Suppress seeks to suppress any statements he may have made during his interview with Secret Service Agent McKnight on October 11, 2022. As this interview occurred shortly after his arrest by Arkansas City, Kansas police, Defendant argues that the interrogation was custodial in light of his arrest, that he was not informed of his rights under *Miranda v. Arizona*,[1] and that his statements were involuntary.

---

[1] 384 U.S. 436 (1966).

The Government has also charged Co-Defendants Aaron Scott Gramke and Angela Smith-Rael with Section 471 counterfeiting charges, but also with the possession of images of an obligation of the United States for counterfeiting purposes (in violation of 18 U.S.C. § 474). In addition, the Government has charged Defendant Gramke with aggravated identity theft (in violation of 18 U.S.C. § 1028A(a)(1)), and Defendant Smith-Rale with two counts of attempting to pass counterfeit obligations (in violation of 18 U.S.C. § 472). Defendant seeks a hearing pursuant to *Bruton v. United States*[2] to determine the admissibility of any statements by Gramke or Smith-Rael which might implicate him.

The Government states in response that Defendant was taken into custody in Arkansas City and transported by the Secret Service to Wichita, Kansas, where he went through standard booking procedures. There was no substantive interview. The Government affirmatively represents that it does not intend to offer any testimonial statements made by Defendant while he was in custody.

Similarly, the Government states it does not intend to admit any statements of the Co-Defendants which would not be subject to cross-examination. Testimony by the Co-Defendants testimony at trial, or course, would not be barred by *Bruton*. The rule in that case "applies only when the declarant co-defendant does not testify at trial."[3]

The Court will grant Defendant's Motions and exclude any unwarned custodial statements made by Defendant, and any statements made by the Co-Defendants rendered

---

[2] 391 U.S. 123 (1968).

[3] *United States v. Coco*, 926 F.2d 759, 761 (8th Cir. 1991). *See also Howell v. Trammell*, 728 F.3d 1202, 1217-18 (10th Cir. 2013) ("*Bruton* does not apply here, because . . . Howell was able to cross-examine Watson both at her preliminary hearing and at their joint trial.")

contrary to the rule in *Bruton*. The Court denies the Defendant's request for a formal *Bruton* hearing, which would be unnecessary in light of the Government's representations. Similarly, although the Court's usual practice is to resolve motions to suppress by hearing, the Court finds such a hearing is not required under the circumstances present here.

Finally, the Court authorizes Defendant to join in any motions filed by the Co-Defendants. Should such motions be filed, Defendant will be deemed to join in the request for the relief sought.

**IT IS THEREFORE ORDERED** that Defendant Jacobsen's Motion to Suppress (Doc. 48) is **GRANTED**; his Motion for *Bruton* Hearing (Doc. 49) is **GRANTED** as provided herein, and **DENIED** as to the request for a hearing; and his Motion for Joinder (Doc. 50) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 5th day of April, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE